PS1-008                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1049
_____

In re:  LINDA A. HAWKINS; GREGORY L. HAWKINS,
Debtors

ELVA D. ALLEN; MABEL H. CONAWAY,*
Appellants

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-13-cv-00526)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2014
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: February 11, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Elva Allen and Mabel Conaway, proceeding pro se, appeal an order of the United States District Court for the District of Delaware dismissing a bankruptcy appeal for lack of standing. For the reasons that follow, we will affirm.

In 2005, Linda Hawkins and Gregory Hawkins filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Michael Joseph was the Chapter 13 Trustee. The Bankruptcy Court confirmed the debtors' plan in April 2006. Shortly thereafter, Allen informed Joseph that Linda Hawkins had owned an interest in real property, that the property was sold, and that she had not disclosed her property interest in the bankruptcy proceedings.

Joseph investigated Allen's allegations and determined that Linda Hawkins had transferred her interest in the property and had received $44,043.07. He reported his findings to the Office of the United States Trustee. In October 2006, Joseph filed a motion to dismiss the bankruptcy case based on the non-disclosure of the property interest. The debtors opposed the motion and it was resolved by a stipulation. The debtors agreed, among other things, that the limitations period for the time to object to a discharge would be extended until Joseph filed his final report. The debtors performed their obligations under the plan and were granted a discharge in 2010. Joseph filed his final report and, on November 2, 2010, the bankruptcy case was closed.

Over two years later, in January 2013, Allen filed a motion to reopen the bankruptcy case on behalf of herself, James Conaway, Ernest Conaway, and Mabel Conaway. She stated that she and the Conaways were creditors who were intentionally

2

omitted from the bankruptcy schedules. Allen asserted that the debt was non-dischargeable based upon the debtors' fraud in concealing the sale of real property.[1]

The Bankruptcy Court held a hearing and denied the motion because it was untimely under 11 U.S.C. § 1328(e), which allows a motion to reopen based on fraud to be filed within one year of a discharge. The District Court dismissed Allen's subsequent appeal for lack of standing. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review findings of fact in bankruptcy matters under the clearly erroneous standard and exercise plenary review over questions of law. In re Dykes, 10 F.3d 184, 185-86 (3d Cir. 1993).

As recognized by the District Court, standing to appeal an order in a bankruptcy case is limited to "persons aggrieved" by the order. In re Combustion Engineering, Inc., 391 F.3d 190, 214 (3d Cir. 2004); Dykes, 10 F.3d at 187. "Persons aggrieved" are those "whose rights or interests are 'directly and adversely affected pecuniarily' by an order or decree of the bankruptcy court." Combustion Engineering, 391 F.3d at 214 (citations omitted). The bankruptcy court's order must diminish a person's property, increase his burdens, or impair his rights. Id. This determination is a question of fact. Id.

The District Court explained that the order at issue denied a motion to reopen, which sought to vacate the debtors' discharge so that a non-dischargeability complaint

---

[1]The Conaways sued Linda Hawkins and other parties in the Court of Chancery of Delaware and claimed that they were the rightful owners of the property that was sold. In 2011, the state court ruled that the Conaways have no rights to the property.

3

could be filed. This order did not direct an administration of the estate, but recognized that the estate had been fully administered and that the motion to reopen was untimely. The District Court concluded, and we agree, that the Bankruptcy Court's order does not have a direct, pecuniary effect upon Allen and the Conaways. The District Court also noted that Allen had admitted that she has no ownership interest in the property, and that neither she nor the Conaways had filed a proof of claim in the bankruptcy case even though they were aware of the proceedings. As a result, the District Court concluded that neither Allen nor the Conaways had a pecuniary interest in proceeds from the sale of the property. The record fully supports these findings and the District Court's dismissal of the appeal for lack of standing.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]To the extent that Allen, who is not a lawyer, purports to appeal on behalf of the Conaways, rather than on her own behalf, she may not represent them in federal court. See Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding parent who was not a lawyer could not litigate claims on behalf of his children in federal court).